STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    CIVIL ACTION
                                                  Docket No. CV-03-232
                                                  JLH – PEN – 6/24/2004

Deborah J. Batchelder,

FILED & ENTERED
SUPERIOR COURT

JUN 24 2004

PENOBSCOT COUNTY

     Plaintiff

     v.                                           Order (Motion to Dismiss;
                                                  Motion to Amend)

                                                  DONALD L. GARBRECHT
                                                  LAW LIBRARY

                                                  JUL 12 2004

Realty Resources Hospitality
     -- Auburn LLC et al.,

     Defendants


        Pending before the court are the defendants' motion to dismiss the complaint and

the plaintiff's motion to amend that complaint. The court has considered the parties'

written submissions on the motions at bar.

        In her complaint, the plaintiff alleges that the seventeen named defendants

constitute an "integrated enterprise," which their agent identifies as "RELCO, LLC."

She further alleges that she was an employee of RELCO, LLC between July 2001 and

December 2001, when she alleges that RELCO, LLC unlawfully terminated her from

employment. After the Maine Human Rights Commission issued a right-to-sue notice,

she commenced this action by filing the complaint on December 19, 2003, two days shy

of the two year period of limitations calculated from the alleged termination date of

December 20, 2001.[1] She did not identify as a party-defendant or bring suit against

RELCO, LLC. All named defendants were served with process in mid-January 2004.

        The defendants, who are represented by one attorney, have moved to dismiss the

complaint, contending that none of them was the plaintiff's employer, that Restaurant

Employee Leasing Co., LLC (RELCO, LLC) is a separate entity which was the plaintiff's

employer and that the statute of limitations now bars any claim against RELCO, LLC

---

[1] The December 20 termination date is suggested by the defendants in their motion. The
plaintiff alleges a termination date of December 19, 2001. Either way, the plaintiff
waited until the last minute to file her complaint.


1

under the Maine Human Rights Act. In support of their motion to dismiss, the defendants have submitted material extraneous to the complaint and in fact have filed a statement of material fact. Accordingly, their motion must be treated as one for summary judgment. *See* M.R.Civ.P. 12(b). In response to the defendants' motion, the plaintiff has moved to amend her complaint to join RELCO, LLC as a party-defendant, arguing that pursuant to M.R.Civ.P. 15(c), such an amendment would relate back to the date this action was commenced. In the face of pending motions for summary judgment and to amend, the court must first address the latter. *Dunelawn Owners' Association v. Gendreau*, 2000 ME 94, ¶ 6, n. 6, 750 A.2d 591, 593.

Leave to amend a pleading shall be "freely given when justice so requires. . . ." M.R.Civ.P. 15(a). In the absence of undue prejudice, a party is entitled to amend a pleading if the movant "is not acting in bad faith or for the purpose of delay. . . ." *Goodwin v. Fox*, 642 A.2d 1339, 1340 (Me. 1994) (internal punctuation omitted). Here, the plaintiff is not acting in bad faith or to effect delay, and any prejudice to RELCO, LLC is not the type that would defeat a motion to amend. *See Kelly v. Michaud's Insurance Agency, Inc.*, 651 A.2d 345, 347 (Me. 1994). Therefore, on its face, the plaintiff's motion has merit and would be allowed in the normal course.

The core of the defendants' argument, however, is that such an amendment would be meaningless because the amendment could not relate back to the date when this action was commenced, and, they argue, the prospective claim against RELCO, LLC would be time barred. The plaintiff notes that RELCO, LLC is not yet a party to this action and that consideration of such a defense is premature. However, the defendants themselves have raised and argued the issue, and their attorney in this case also represented RELCO, LLC in the Maine Human Rights Commission's administrative proceeding involving this very claim. Thus, at the invitation of the defendants and the attorney they share with RELCO, LLC, it is appropriate to definitively address the rule 15(c) question.

Pursuant to rule 15(c), an amended pleading joining a new party relates back to the date of the original pleading when three conditions are satisfied: (1) the claim alleged in the amended pleading arises out of the conduct, transaction or occurrence that forms

2

the basis for the original pleading[2]; (2) within the time allowed for service of the summons and complaint under M.R.Civ.P. 3, the prospective new party "has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits. . .;" and (3) within the same time prescribed by rule 3, the prospective new party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against" that party. The court concludes that each of these conditions is satisfied here.

First, the claim that the plaintiff seeks to assert against RELCO, LLC is identical to that already pending against the present defendants and arises out of the same circumstances.

Second, RELCO, LLC received at least constructive notice of this action, adequate to prevent the loss of any defenses, within the time prescribed by rule 3. Here, the plaintiff commenced this action by first filing the complaint with the clerk. Pursuant to rule 3, she then was required to file the returns of service with the clerk within 90 days of the date when the complaint itself was filed. *See* M.R.Civ.P. 3. Counsel for the defendants accepted service for one of the defendants, and another attorney in his law firm was actually served as the agent for eight other defendants. All of this occurred in mid-January – well within the time when the plaintiff needed to effect service in order to file the returns within 90 days of the date she filed the complaint. As is noted above, the defendants' counsel here represented RELCO, LLC in the MHRC proceeding arising from the plaintiff's claim of unlawful termination. (In that administrative action, RELCO, LLC was the named respondent.) Thus, RELCO, LLC's attorney in fact had actual notice that the plaintiff had filed a lawsuit on the basis of the same employment action that generated the administrative proceeding.

"Knowledge of a lawsuit may be imputed to a proposed defendant through a shared attorney provided that the attorney knew or should have known that but for a mistake concerning the identity of the proper party, the proposed defendant would be added to the existing lawsuit." *Espaillat v. Rite Aid Corporation*, 2003 U.S. Dist. LEXIS 2910, at *13 (S.D.N.Y. March 3, 2003). *See also Gleason v. McBride*, 869 F.2d 688, 693

---

[2] This requirement is actually set out in rule 15(b) but is incorporated by reference into rule 15(c), which addresses joinder of new parties.

(2d Cir. 1989). Here, RELCO, LLC's attorney knew that the plaintiff wanted to obtain relief from that entity, because that entity was the plaintiff's employer who took the employment action that was adverse to her. Further, the record at bar reveals that when plaintiff's counsel commenced this action, he inquired of defendants' counsel whether the configuration of named parties was correct. Clearly, counsel representing the defendants (who also represented RELCO, LLC) had no obligation to answer that inquiry. Nonetheless, the inquiry itself revealed that plaintiff's counsel had some uncertainty about whether he had named the correct parties in the complaint. Against this background, the court concludes that counsel for the RELCO, LLC received notice of the action and that, under *Espaillat*, that notice may be imputed to RELCO, LLC itself.

Further, there has been no showing that RELCO, LLC would be exposed to the type of prejudice identified in rule 15(c), because the record does not suggest that the relatively brief delay in joinder has deprived it of any defense.[3] Thus, the notice imputed to RELCO, LLC was adequate to preserve its defenses.

Third, the record demonstrates that RELCO, LLC knew or should have known, within the same time period discussed above, that a claim would have been brought against it in the absence of some mistake regarding the identity of the proper party. Some of the circumstances supporting this conclusion are noted above: for example, RELCO, LLC knew that it was the focus of the plaintiff's claim of unlawful employment action, because it had been the respondent in the MHRC proceeding; RELCO, LLC had construction knowledge that the plaintiff had commenced litigation over the employment action it took against her; and its attorney had received the letter from plaintiff's counsel regarding the proper party-defendant in this suit. Additionally, when the MHRC proceeding against RELCO, LLC had remained unresolved, plaintiff's counsel requested

---

[3] Any statute of limitations defense does not figure into this analysis. When an amended pleading is deemed to relate back to the date of the original pleading, that very conclusion accounts for any unfair prejudice that otherwise would take the form of such a defense. In other words, an amended pleading relates back only when the conditions set out in rule 15(c) are satisfied: this includes actual or imputed notice, and an expectation by the proposed defendant that the claim would have been filed against it in the absence of a mistake. When these and other circumstances warrant joinder that relates back to an earlier date by operation of rule, that by itself means that it is proper to treat the filing date as the one associated with the original pleading.

that the agency issue a right-to-sue letter, which is a strong manifestation of an intention to proceed to suit. Thus, RELCO, LLC had actual knowledge that litigation was in the works.

The relationship between RELCO, LLC and the named party-defendants also carries significance in this part of the analysis. The defendants note that the named defendants are holding companies for inventory located at various Denny's restaurant establishments. RELCO, LLC employs workers, which it then leases to the individual restaurants. Thus, there is both a structural and functional connection among these entities. "The misidentification of. . .related companies is the classic case for application of the relation-back rule." *Espaillat*, 2003 U.S. Dist. LEXIS 2910, at \*14. This circumstance is present here because of the intertwined operations of the corporations.

*Garland v. Sherwin*, 2002 ME 131, 804 A.2d 354, does not compel a contrary result. There, the Law Court held that "[a] conscious choice to sue one party rather than another, or a lack of knowledge of who is a correct defendant, is not a mistake concerning the identity of the proper party.' *Id.*, ¶ 8, 804 A.2d at 356-57. Although the plaintiff appears to have filed the MHRA petition against the proper party, plaintiff's counsel entertained uncertainty about whether that respondent (RELCO, LLC) was a viable entity and thus whether it was a proper party-defendant in this action. This uncertainty resulted, at least in part, due to the results of an electronic search of records maintained by the Maine Secretary of State, indicating that no entity exists under the name, "RELCO, LLC." (The Secretary of State, however, does maintain records under the full name of the corporation.) Although counsel did have access to information (such as the W-2 statements issued to the plaintiff) confirming that RELCO, LLC was the plaintiff's actual employer, the omission of RELCO, LLC as a party-defendant here cannot be viewed as a conscious choice. The plaintiff's obvious intent was to bring suit against her former employer, whom in fact she identified in her complaint as RELCO, LLC. *See* complaint at ¶¶ 7, 10. If that employer was RELCO, LLC, then there is no legitimate argument that she intended to bring this action against others and not against the employer itself. Further, her mistake of omission was not due to a "lack of knowledge." Rather, the record suggests that it resulted from uncertainty about whether RELCO, LLC was a

5

separate entity or, as she alleged in the original complaint, whether it was the operational name for the combination of the named defendants. *See* complaint at ¶ 5.

For these reasons, the court concludes that the plaintiff should be given leave to amend her complaint to include RELCO, LLC as a party-defendant and that the complaint as amended in this way relates back to the filing date of the original complaint.

Under these circumstances, the court also denies the defendants' motion to dismiss the claims against the original party-defendants. The plaintiff seeks to develop an argument that they are her employers under a theory of integrated enterprise. Maine law is silent on the question is whether this is good law in this jurisdiction. Federal law, however, appears to allow claims against several entities as a purported single employer. *See, e.g., Romano v. U-Haul International*, 233 F.3d 655, 662-63 (1st Cir. 2000). Without the opportunity for factual development of the relationship among the original defendants, it is premature for the court to consider the merits of such a theory of liability. In such an instance, the court may either deny the motion or grant the opposing party a continuance in order to pursue discovery. *See* M.R.Civ.P. 56(f). Neither party has made a meaningful presentation on the viability of an integrated enterprise claim. Accordingly, it makes more sense to deny this aspect of the defendants' motion without prejudice, so that if the plaintiff persists in her integrated enterprise claim and if the defendants then contend that such relief against them is not available as a matter of law, the parties may develop their positions more fully.

The entry shall be:

For the foregoing reasons, the plaintiff's motion to amend is granted. The amended complaint filed by the plaintiff is deemed proper. The defendants' motion to dismiss is denied without prejudice. The plaintiff's motion to enlarge is therefore dismissed as moot.

Dated: June 23, 2004

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

6

DEBORAH J BATCHELDER  - PLAINTIFF
541 MAIN ROAD NORTH
HAMPDEN ME 04444
Attorney for: DEBORAH J BATCHELDER
ARTHUR GREIF
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2003-00232


DOCKET RECORD


vs
REALTY RESOURCES HOSPITALITY AUBURN LLC - DEFENDANT
247 COMMERCIAL ST
ROCKPORT ME 04856
Attorney for: REALTY RESOURCES HOSPITALITY AUBURN LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964


REALTY RESOURCES HOSPITALITY BRIGHTON AVE LLC - DEFENDANT
247 COMMERCIAL ST
ROCKPORT ME 04856
Attorney for: REALTY RESOURCES HOSPITALITY BRIGHTON AVE LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964


REALTY RESOURCES HOSPITALITY BRUNSWICK LLC - DEFENDANT
247 COMMERCIAL ST
ROCKPORT ME 04856
Attorney for: REALTY RESOURCES HOSPITALITY BRUNSWICK LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964


REALTY RESOURCES HOSPITALITY CONGRESS ST LLC - DEFENDANT
247 COMMERCIAL ST
ROCKPORT ME 04856
Attorney for: REALTY RESOURCES HOSPITALITY CONGRESS ST LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964


REALTY RESOURCES HOSPITALITY AUGUSTA LLC - DEFENDANT
247 COMMERCIAL ST
ROCKPORT ME 04856

Attorney for: REALTY RESOURCES HOSPITALITY AUGUSTA LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964

REALTY RESOURCES HOSPITALITY BANGOR LLC - DEFENDANT
247 COMMERCIAL ST
ROCKPORT ME 04856
Attorney for: REALTY RESOURCES HOSPITALITY BANGOR LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964

REALTY RESOURCES HOSPITALITY DANVERS LLC - DEFENDANT
P O BOX 9781
PORTLAND ME 04101
Attorney for: REALTY RESOURCES HOSPITALITY DANVERS LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964

REALTY RESOURCES HOSPITALITY ELLSWORTH LLC - DEFENDANT
247 COMMERCIAL STREET
ROCKPORT ME 04856
Attorney for: REALTY RESOURCES HOSPITALITY ELLSWORTH LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964

REALTY RESOURCES HOSPITALITY LAWRENCE LLC - DEFENDANT
P O BOX 9781
PORTLAND ME 04101
Attorney for: REALTY RESOURCES HOSPITALITY LAWRENCE LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964

REALTY RESOURCES HOSPITALITY LEOMINSTER LLC - DEFENDANT
P O BOX 9781
PORTLAND ME 04101

Printed on: 06/24/2004

Attorney for: REALTY RESOURCES HOSPITALITY LEOMINSTER LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964

REALTY RESOURCES HOSPITALITY LEXINGTON LLC - DEFENDANT
P O BOX 9781
PORTLAND ME 04101
Attorney for: REALTY RESOURCES HOSPITALITY LEXINGTON LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964

REALTY RESOURCES HOSPITALITY LLC - DEFENDANT
247 COMMERCIAL STREET
ROCKPORT ME 04856
Attorney for: REALTY RESOURCES HOSPITALITY LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964

REALTY RESOURCES HOSPITALITY NASHUA LLC - DEFENDANT
P O BOX 9781
PORTLAND ME 04101
Attorney for: REALTY RESOURCES HOSPITALITY NASHUA LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964

REALTY RESOURCES HOSPITALITY NEW ENGLAND LLC - DEFENDANT
P O BOX 9781
PORTLAND ME 04101
Attorney for: REALTY RESOURCES HOSPITALITY NEW ENGLAND LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964

REALTY RESOURCES HOSPITALITY ROCKPORT LLC - DEFENDANT
247 COMMERCIAL STREET
ROCKPORT ME 04856

Printed on: 06/24/2004

Attorney for: REALTY RESOURCES HOSPITALITY ROCKPORT LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964


REALTY RESOURCES HOSPITALITY SALEM LLC - DEFENDANT
P O BOX 9781
PORTLAND ME 04101
Attorney for: REALTY RESOURCES HOSPITALITY SALEM LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964


REALTY RESOURCES HOSPITALITY WORCESTER LLC - DEFENDANT
P O BOX 9781
PORTLAND ME 04101
Attorney for: REALTY RESOURCES HOSPITALITY WORCESTER LLC
CHAD ALLEN CLOUTIER
JOSEPH M CLOUTIER & ASSOCIATES
247 COMMERCIAL STREET
BOX 515-3
ROCKPORT ME 04856-5964


Filing Document: COMPLAINT                    Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS
Filing Date: 12/19/2003

## Docket Events:

12/19/2003 FILING DOCUMENT - COMPLAINT FILED ON 12/19/2003

12/19/2003 Party(s):  DEBORAH J BATCHELDER
           ATTORNEY - RETAINED ENTERED ON 12/19/2003
           Plaintiff's Attorney: ARTHUR GREIF

12/22/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 12/22/2003
           TO PLAINTIFF'S ATTORNEY.

01/16/2004 Party(s):  REALTY RESOURCES HOSPITALITY AUBURN LLC
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 01/12/2004
           AS TO DEFENDANT RESOURCES HOSPITALITY -AUBURN, LLC BY JOSEPH CLOUTIER.

01/16/2004 Party(s):  REALTY RESOURCES HOSPITALITY AUBURN LLC
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 01/15/2004

01/16/2004 Party(s):  REALTY RESOURCES HOSPITALITY BRUNSWICK LLC
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 01/12/2004
           AS TO DEFENDANT REALTY RESOURCES HOSPITALITY - BRUNSWICK LLC BY JOSEPH CLOUTIER.

01/16/2004 Party(s):  REALTY RESOURCES HOSPITALITY BRUNSWICK LLC
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 01/15/2004

STATE OF MAINE          SUPERIOR COURT

PENOBSCOT, SS.              CIVIL ACTION

Docket No. CV-03-232



FILED & ENTERED
SUPERIOR COURT
JAN 0 4 2006
PENOBSCOT COUNTY

Deborah J. Batchelder,
    Plaintiff

v.

Findings of Fact and Conclusions
of Law (Backpay claim)

Realty Resources Hospitality, LLC et al.,
    Defendants

Hearing was held this date on the jury-waived aspects of the plaintiff's claim, namely, her claim for damages based on last wages. This hearing followed a trial by jury, which resulted in a verdict finding that the defendants unlawfully terminated the plaintiff's employment.[1]

From the best available evidence, the court finds that the plaintiff's average weekly income while she worked for the defendants was $329.53. This is based on a period of employment for 21 weeks. In this regard, the court rejects the defendants' argument that she was employed for a longer period of time (which would lead to a lower average weekly wage), because the plaintiff was not paid for any time after December 16, 2001. Thus, her proposed calculations are more accurate. The court also finds that during that period of time, she earned $6,920. This is based on the pay stub for the final paycheck the defendants issued to the plaintiff. Although this amount varies slightly from a different record produced by the defendant, the court construes this ambiguity against the defendants, which produced both documents.

Despite a good faith work search, the plaintiff remained unemployed until she secured employment at a Howard Johnson's restaurant, which started in late February

---

[1] Although the plaintiff had only one nominal employer when she worked at Denny's Restaurant in Bangor, the jury found that all defendants constituted an integrated enterprise, thus rendering all defendants as employers for purposes of her employment discrimination claim. For this reason, in this order the court will refer to the plaintiff's employer(s) in the plural.

1

2002. During this period, she lost wages of $3,153. Her subsequent rate of pay at Howard Johnson's was less than her wages at Denny's. That difference amounts to $1,665. Neither of these elements of damages is contested.

In mid-May 2002, the plaintiff left her job at Howard Johnson's to begin work at Dysart's Restaurant, where she is still employed. Her *average* weekly wage at Dysart's in 2002 was greater than the *average* weekly amount she received at Denny's. On this basis, the defendants contend that the plaintiff is not entitled to backpay for any of the time she has worked at Dysart's. However, the court accepts the plaintiff's testimony that she held a series of work assignments at Dysart's and that her rate of pay and the amount of tips she received increased over time, to the point at the end of July 2002 when that income exceeded the amount she earned at Denny's. Although the plaintiff has framed her testimony about the amount of her income prior to August 2002 as an estimate, the court finds that it constitutes better evidence of her income progression than the simple use of an average weekly wage for the entire year would suggest. From this, the court finds by a preponderance that the plaintiff's ongoing lost wages while she worked at Dysart's through July 2002 is best reflected in her written summary. *See* plaintiff's exhibit D. That amounts to $872.

Based on this evidence, the court finds that the plaintiff has lost wages in the total amount of $5,690 as a result of her termination from employment with the defendants.

The entry shall be:

For the foregoing reasons, following a jury-waived hearing on damages, the court finds that the plaintiff's damages for lost wages amount to $5,690. The parties shall file submissions on attorney's fees and pre-judgment interest pursuant to the schedule set out on the record.

Dated: January 3, 2006

Justice, Maine Superior Court
Jeffrey L. Hjelm

2

DEBORAH J BATCHELDER VS REALTY RESOURCES HOSPITALITY AUBURN LLC ET AL
UTN:AOCSsr  -2003-0129442                    CASE #:BANSC-CV-2003-00232
-------------------------------------------------------------------------
DEBORAH  J. BATCHELDER                                      PL
ATTY FARR, JULIE  Tel# (207) 947-2223
ATTY ADDR:82 COLUMBIA ST PO BOX 2339 BANGOR ME 04402-2339
ATTY GREIF, ARTHUR  Tel# (207) 947-2223
ATTY ADDR:82 COLUMBIA ST PO BOX 2339 BANGOR ME 04402-2339


REALTY RESOURCES HOSPITALITY AUBURN LLC                        DEF
ATTY CLOUTIER, CHAD A.   Tel# (207) 236-8538  for all Defts
ATTY ADDR:247 COMMERCIAL STREET BOX 515-3 ROCKPORT ME 04856-5964

REALTY RESOURCES HOSPITALITY BRIGHTON AVE LLC                  DEF
ATTY CLOUTIER, CHAD A.   Tel# (207) 236-8538
ATTY ADDR:247 COMMERCIAL STREET BOX 515-3 ROCKPORT ME 04856-5964


M=More, Space = Exit:M

Select the EXIT KEY for page selection line.